UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MIRANDA R. A., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 20-CV-453-NDF-SH |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| **Acting Commissioner of Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Now before the Court is the report and recommendation of a magistrate judge (Dkt. # 23) recommending that the Court reverse and remand the decision of the Commissioner of the Social Security Administration (Commissioner) denying social security benefits to plaintiff.   The Commissioner filed a timely objection (Dkt. # 24) to the report and recommendation.   Plaintiff has filed no response.

## I. BACKGROUND

Plaintiff applied for disability benefits on May 7, 2018, with a protective filing date of April 24, 2018.   Dkt. # 12-2, p. 20 & # 12-5, pp. 7-8.[1]   Plaintiff alleges she has been disabled since March 22, 2017, due to conditions including a learning disability and a right hip replacement. Dkt. # 12-6, p. 6.   Plaintiff's claim was denied initially and upon reconsideration.   Dkt. # 12-4, pp. 8 & 15.   Plaintiff requested a hearing before an administrative law judge (ALJ), and the hearing was held on December 19, 2019.   Dkt. # 12-2, p. 45.   Plaintiff was represented by counsel at the hearing.   After the hearing, the ALJ issued a decision detailing the medical records plaintiff

---

[1] The page numbers refer to the docket page number, not the administrative record page number.

provided, as well as her testimony and the testimony of a vocational expert. *Id*. at pp. 20 – 38. The

ALJ assessed that information in conjunction with the five-step process outlined to assess

disability.

In the decision, the ALJ first found that plaintiff had not engaged in substantial gainful

activity (SGA) since the alleged onset of disability. *Id*. at p. 22.   Next, at step two of the analysis,

the ALJ found plaintiff had the following severe impairments – status post right hip replacement,

history of sciatic palsy with periodic right foot drop, restless leg syndrome of the right leg, anxiety

disorder, and obesity. *Id*.   The ALJ also discussed plaintiff's additional medical conditions

causing impairments which were considered by the ALJ to be non-severe, given that these

impairments, when considered in conjunction with one another and plaintiff's severe impairments,

could affect her residual functional capacity. *Id*. at p. 23.   In considering all impairments, the ALJ

found that neither the impairments nor the combination of impairments met or medically equaled

the severity of an impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.   *Id*. at 24.

After finding that plaintiff's impairments did not meet or medically equal a listed

impairment at step three, the ALJ proceeded to step four of the analysis and found that plaintiff

had the residual functional capacity (RFC) to perform less than a full range of light work with the

following limitations:

> …[L]ift, carry, push or pull up to 10 pounds frequently and 20 pounds occasionally.
> She is able to sit up to 6-hours in an 8-hour workday.   She is able to stand and/or
> walk up to 2-hours in an 8-hour workday.   She is able to frequently balance.   She
> is able to occasionally climb ramps or stairs or stoop.   However, her job should not
> involve climbing ladders, ropes or scaffolds, kneeling, crouching or crawling.   She
> is able to perform simple, routine tasks.   She is able to make judgments regarding
> simple routine tasks.   She is able to maintain attention and concentration for up to
> 2-hours at a time while performing simple, routine tasks.   She is able to sustain the
> mental demands associated with performing simple, routine tasks throughout an
> ordinary workday and workweek.   She is able to frequently interact with

supervisors, co-workers and the general public.   Her job should not involve more than ordinary and routine changes to work setting or job duties.

*Id*. at 27.   In support of his determination, the ALJ summarized the evidence in the record.   *Id*. at 28-36.   The ALJ then summarized plaintiff's testimony and subjective complaints. The ALJ did not summarize the third party report filed by plaintiff's daughter, Miranda.   Because of the limited issue addressed by the magistrate judge, and the objections filed by the Commissioner, the Court will focus on limitations identified by plaintiff and those identified by plaintiff's daughter, which were not addressed by the ALJ.

Plaintiff testified if she stands more than thirty minutes in the same spot, her hip would cramp up and she would need to walk or sit down. *Id*. at pp. 60-61. She can sit about forty minutes before she feels a sharp pain in her hip, and then would need to stand and move around or use an ice pack. *Id*. at 61.   She testified she can't get out of a ninety degree angle. *Id*. at 62.   After the nerve release procedure, plaintiff testified she has no feeling from her knee to her foot, and has foot drop which requires the use of a brace. *Id*. at 62-63.   Plaintiff uses a grabber if she drops something because she can't squat or bend. *Id*. at p. 66-67.   She testified she can only lift 20 pounds. *Id*. at 67.

Plaintiff's daughter Miranda completed a third-party function report dated June 16, 2018. Dkt. #12-6, p. 31-38.   Miranda reports plaintiff can't bend over or kneel down to pick things up, can't move out of a ninety degree angle, can't lift heavy things (over ten pounds), can't stand for forty minutes without needing to sit down, can't walk up more than three stairs, and can't wash her feet or lower legs. *Id*. at 31-32, 36.   Miranda helps plaintiff stand and sit back down, helps put on plaintiff's pants, socks and shoes, and helps plaintiff get up from the toilet. *Id*. at 32.   Plaintiff is able to fix simple meals, do sweeping and dishes, drive a car, shop for food and personal items,

and pay attention and follow spoken instructions very well (although sometimes plaintiff needs to reread written instructions). *Id.* at 33-36.   Plaintiff gets along very well with authority figures. *Id.* at 37 According to Miranda, plaintiff does not handle stress very well, and plaintiff requires the use of a walker and brace/splint every day. *Id.* at 37.

The ALJ found plaintiff's impairments could reasonably be expected to cause the alleged symptoms; however her statements concerning the intensity, persistence and limiting effects of the symptoms were not entirely consistent with the medical evidence and other evidence in the record. Dkt. # 12-2, p. 28.   The ALJ discussed the medical evidence and assessments in detail from records beginning March 22, 2017 (before the alleged onset date) through November 21, 2019. *Id.* at 29-35.   The ALJ summarized this evidence as it related to the RFC as follows:

> In sum, the above residual functional capacity assessment is supported by a preponderance of evidence gleaned from statements of record, testimony and medical evidence of record from treating sources, medical consultants and State agency physicians and psychologists. In August 2018, the claimant denied soreness or pain with walking. She denied numbness or tingling. She was willing to try Tylenol instead of Meloxicam for occasional hip pain. Despite her history of right hip replacement and history of sciatic palsy with periodic right foot drop, a treating physician recommended walking for at least 30 minutes as exercise with jogging or running in the future in September 2019. Physical examination during orthopedic follow-up in November 2019 was unremarkable. Anxiety, including situational stressors, has been addressed with outpatient counseling. Nevertheless, the claimant has impairments that cause significant limitations, but considering treating and examining source opinions, limitations are not of a severity to preclude ability to meet demands of basic work activities and not contrary to a finding that she has the residual functional capacity for work at the level assigned as determined with the assistance of a vocational expert.

*Id.* at 35-36.

At steps four and five of the analysis, the ALJ determined that plaintiff could not perform her past relevant work but that there were jobs available in the regional and national economies that plaintiff could perform with her RFC.   *Id.* at 36-37.   Based on this finding, the ALJ

determined that plaintiff was not disabled.   The Appeals Council found no basis to change the ALJ's decision and denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.   *Id.* at 2-4.

Plaintiff timely filed this case requesting judicial review of the denial of her claim for benefits, and the matter was referred to a magistrate judge for a report and recommendation. Dkt. # 2, 5.   The magistrate judge rejected the argument that the Commissioner had no duty to consider, or evaluate, lay witness statement (notably, Miranda's third-party function report). Dkt. # 23.   The magistrate judge recommends that the Commissioner's decision be reversed and remanded because it did not appear in the record that the ALJ considered Miranda's report (or even knew of it). *Id*

For the reasons that follow, the Court agrees that neither the law nor the regulations eliminate the relevance of nonmedical evidence, and thus such evidence must be considered by the ALJ.   However, the Court agrees with the Commissioner that the ALJ's failure to consider Miranda's third-party function report was harmless.   Therefore, the Court will reject the report and recommendation and return the matter to the magistrate judge for a report and recommendation addressing the remaining issues.[2]

## II. LEGAL STANDARD

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation.   The parties may object to the magistrate judge's recommendation within 14 days of service of the recommendation.   *Schrader*

---

[2] The Court recognizes the magistrate judge found "most of Plaintiff's scattershot contentions miss the mark." Dkt. # 23, p. 5.

*v. Fred A. Ray, M.D., P.C.*, 296 F.3d 968, 975 (10th Cir. 2002); *Vega v. Suthers*, 195 F.3d 573, 579 (10th Cir. 1999); 28 U.S.C. § 636(b)(1).   If a party objects, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*   The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part.   Fed. R. Civ. P. 72(b).

In reviewing an objection to a social security benefits determination, this Court is limited to determining whether the ALJ has applied the correct legal standards and whether the decision is supported by substantial evidence. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).   Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *O'Dell v. Shalala,* 44 F.3d 855, 858 (10th Cir. 1994), *superseded in part on other issue*.   "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004).   The Court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan*, 399 F.3d at 1262. A court may neither reweigh the evidence nor substitute its judgement for that of the ALJ. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).   Even if a court might have reached a different conclusion, the ALJ's decision stands if it is supported by substantial evidence.   *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

### III. ANALYSIS

The Commissioner acknowledges, "[t]o the extent the Commissioner's brief suggested that the ALJ was not required to consider [Miranda's] statement at all, that was an overstatement…." Dkt. # 24, p. 2.   The Commissioner agrees such nonmedical evidence remains relevant to the evaluation, but argues that the ALJ's failure to address the third-party function report was harmless error. *Id*. at 3.   The Commissioner requests the agency final decision be affirmed.

The Court agrees with the Commissioner that the absence of an ALJ discussion about a lay witness statement will amount to harmless error in cases where the same evidence discussed by the ALJ in discounting the claimant's allegations also discredits the lay witness statement. *See, e.g., Best-Willie v. Colvin*, 514 F. App'x 728, 736 (10th Cir. 2013) (unpublished) (quoting *Buckner v. Astrue*, 646 F.3d 549, 560 (8th Cir. 2011)).   Both plaintiff and her daughter Miranda reported that plaintiff can't bend over and can't get out of a ninety degree angle, she can't handle stress well, and she has limitations in standing before needing to walk or sit down.   This testimony was cumulative.   Thus, the objective medical evidence which discredited the limiting effects reported by plaintiff also discredits Miranda's report.   Miranda reports that plaintiff cannot lift more than ten pounds.   However, this report was contradicted by plaintiff's testimony that she could lift twenty pounds, which was specifically addressed by the ALJ's RFC.   Dkt. # 12-2, pp. 27, 67. Miranda also reported that plaintiff can't walk up more than three stairs, needs help sitting and standing back up, and requires the use of a walker and brace/splint every day. However, Miranda's report was completed June 16, 2018, <u>before</u> plaintiff's nerve release procedure on October 30, 2018, which was specifically discussed by the ALJ. Dkt. # 12-2, p. 30.   Notably, prior to the nerve release procedure, plaintiff complained about pain from climbing stairs. *Id*.   After that procedure,

the physical exam of her right leg was normal with no complaints from plaintiff during a follow-up on January 10, 2019. *Id.* As with the above, the ALJ specifically addressed the objective medical evidence relating to the nerve release procedure and its success in relieving plaintiff's reported symptoms, and that objective medical evidence discredited the additional limitations reported by Miranda.

In summary, the Court concludes the objective medical evidence discussed by the ALJ discredited the limitations reported by plaintiff's daughter, Miranda, which were in large part cumulative of those testified to by plaintiff. Because of this, the ALJ's omission was harmless error. The Commissioner urges the Court affirm the final decision denying plaintiff's benefit application. However, the magistrate judge specifically stated that she did not address the other issues raised in plaintiff's briefing. Dkt. # 23, p. 6. Therefore, the Court will reject the report and recommendation and return the matter to the magistrate judge for a report and recommendation addressing the remaining issues.

**IT IS THEREFORE ORDERED** that the report and recommendation (Dkt. # 23) is **rejected**, and the matter is **returned to the magistrate judge for a report and recommendation which addresses plaintiff's remaining issues**.

**DATED** this 4th day of April, 2022.

_____
NANCY D. FREUDENTHAL
UNITED STATES DISTRICT JUDGE